Filed 8/4/22  P. v. Ornelas CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERNESTO ORNELAS,<br><br>Defendant and Appellant. | B318147<br>(Los Angeles County<br>Super. Ct. No. A326664) |

APPEAL from an order of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Affirmed.

Ernesto Ornelas, in pro per.; Law Offices of Allen G. Weinberg and Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Ernesto Ornelas appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  His appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking us to independently review the appeal.[3]

In 1977, a jury found Ornelas guilty of first degree murder (§ 187, subd. (a); count 1) and of assault with a deadly weapon

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[3]     Some Courts of Appeal have found *Wende* review inapplicable to appeals from orders denying postconviction relief. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2013) 211 Cal.App.4th 496; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 274.)  *Cole*, at pages 1039 to 1040, held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief.  Where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in it and issue a written opinion disposing of the trial court's order on the merits.  As Ornelas has filed a supplemental brief, we accordingly independently review the record and his contentions, without deciding whether *Cole* is correct in part or whole.  Further, our Supreme Court is currently considering what procedures appointed counsel and Courts of Appeal should follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit.  (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.]), review granted Feb. 17, 2021, S266305.)

(§ 245, subd. (a); count 3).[4] As to count 1, the jury found that Ornelas used a gun under sections 1203.06, subdivision (a)(1), and 12022.5, but as to count 3, the jury found he used a gun under just section 12022.5. The trial court said it was sentencing Ornelas to state prison "for the term prescribed by law" on both counts, with the sentence on count 3 to run concurrently to count 1.

In 2021, Ornelas petitioned for resentencing under section 1172.6. The trial court appointed counsel to represent Ornelas. The People opposed the petition on the ground that Ornelas's jury was not instructed on felony murder or the natural and probable consequences doctrine. With the opposition, the People submitted these exhibits: the information, a probation report, and jury instructions. Ornelas's counsel also submitted the jury instructions. The parties submitted on the briefs, with Ornelas's counsel stating he could make no argument to support a prima facie case and asking to be relieved as counsel. The trial court found that Ornelas had not made a prima facie showing of entitlement to relief and denied the petition.

This appeal followed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Wende, supra*, 25 Cal.3d 436. Ornelas filed a supplemental brief. Stating his contentions as we understand them, Ornelas argues that indeterminate sentencing statutes were repealed and therefore his indeterminate sentence is unauthorized; his sentence is unauthorized by statute; various changes in the law, including modifications to parole deferrals, applied to him; he was not the

---

[4]     The record does not show what happened to count 2.

3

actual killer and therefore the principle under which he was convicted is vague; and the presentation of his case violated due process because his codefendant was willing to admit that he (codefendant) was the actual killer.

To the extent Ornelas in his supplemental brief argues that his petition for resentencing was improperly denied, Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959*; People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Ornelas's jury, however, was not instructed on either felony murder or the natural and probable consequences doctrine. Nor do the instructions and jury verdict show that Ornelas was convicted on a theory under which malice was imputed to him. (§ 1172.6, subd. (a).) Instead, the jury having found Ornelas guilty of first degree murder, it necessarily found he acted with express malice and premeditation, making him ineligible for resentencing under section 1172.6.

And as for Ornelas's contention that his sentence was otherwise unauthorized, he has not provided an adequate record or argument to make that showing.

We have examined the record and are satisfied no arguable issues exist and Ornelas's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra,* 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED**.


EDMON, P. J.

We concur:



EGERTON, J.



ADAMS, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.